**Floyd A. STARK and Eldon R. Manshack, Appellants,**

v.

**UNITED STATES of America, Appellee,**

v.

**BOLAND MACHINE AND MANUFACTURING COMPANY, Inc.**

**No. 25779.**

United States Court of Appeals Fifth Circuit.

July 7, 1969.

Frank S. Bruno, New Orleans, La., for appellants.

John C. Eldridge, Anthony W. Gross, Attys., Dept. of Justice, Edwin L. Weisl, Jr., Asst. Atty. Gen., Louis C. LaCour, U. S. Atty., Washington, D. C., Robert B. Deane, New Orleans, La., for appellee.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge and HUNTER, District Judge.

PER CURIAM:

This suit involves the liability of a shipowner (United States) for personal injuries sustained by employees of an independent contractor (Boland) while working inside the tanks of the U.S.S. KANKAKEE, as it was undergoing a complete overhaul and reactivation at Boland's docks in New Orleans. The United States had no control or supervision over the employees or the method of accomplishing the reactivation. The shipowner had neither possession nor control of the vessel on September 26, 1961—the date of the accident. On that date, the KANKAKEE was a dead ship, incapable of navigation and unable to serve any of the purposes of a vessel in navigation. The suit was against the United States who impleaded Boland,

254

who in turn moved for summary judgment. The United States joined the motion.

■■ Predicating his decision upon the pleadings, affidavits and depositions, the district court granted summary judgment on both bases of the complaint, unseaworthiness and negligence. From this judgment plaintiffs appeal. The court below correctly interpreted West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161, as authority for the proposition that there is no warranty of seaworthiness where the vessel has been withdrawn from navigation and placed in the custody and control of another. We do not agree with his conclusion that lack of control immunized the shipowner from its obligation under all circumstances to provide a reasonably safe place to work for those who foreseeably will come aboard. We read West, on which the district court relied, as limited to instances in which the repair work created the unsafe condition. Van Horn v. Gulf Atlantic Towing Company (4th Cir.) 388 F.2d 636. In West the dangerous condition was caused by a fellow worker at a time subsequent to the turning over of the ship to the contractor. Here, the fire was allegedly caused by a faulty condition existing in the storage tanks and pipe which resulted in gas leakage. Unanswered on this record is whether the United States turned over a ship that was allegedly, but not actually, gas free.

The shipowner had surrendered possession and control at the time of the accident, but that is not decisive. The crucial time is the time of the creation of the dangerous condition or latent defect. Whether due care under all the circumstances was used by the United States at relevant times, and to what proportion, if any, others might have been at fault, are questions of fact to be determined by the fact finder after a full trial.

Affirmed as to the unseaworthiness issue; judgment vacated and remanded for trial on issues of negligence.